IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARK E. RICHARDS,**

    Plaintiff,

v.                                                                                     Civil Action No. **3:11CV426**

**WENDY K. BROWN,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Mark E. Richards, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

On October 8, 1998, the Circuit Court for the County of Arlington, Virginia ("Circuit Court") convicted Richards of "one count each of Grand Larceny and Attempted Grand Larceny and two counts of Uttering." (Compl. 2.) Richards served a portion of his sentence before the Virginia Department of Corrections ("VDOC") released him on probation. On March 30, 2009, law enforcement officers arrested Richards for a probation violation. Subsequently, the Circuit Court again remanded Richards to the custody of the VDOC.

Richards now challenges the calculation of his new release date by the VDOC. Richards claims that the VDOC "illegally imprisoned" him "for a period of 457 days beyond the term of confinement of two years and nine months imposed by the Circuit Court for Arlington County, Virginia on December 3, 2010." (*Id.*) Richards seek credit for 587 days served and "compensatory damages" of $10,500.00 and "punitive damages in a sum to be determined by the jury." (Compl. 15.)

3

## Analysis

To the extent that Richards seeks "monetary damages stemming from improper incarceration," such an attempt via 42 U.S.C. § 1983 "is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The Supreme Court summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its *duration*.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (second emphasis added).

4

The first question this Court must ask is whether Plaintiff's claims necessarily imply the invalidity of his current confinement. *Heck*, 512 U.S. at 487. Here, Richards fails to allege any injury distinct from the injury of the duration of his confinement pursuant to a state court judgment. *Id.* at 487 n.7. Richards does not articulate, and the Court cannot conceive, how he could prevail on his claim and not simultaneously invalidate the duration of his confinement. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 479, 490 (concluding alleged due process violations were barred); *Duronio v. Werlinger*, 454 F. App'x 71, 72 (3d Cir. 2011) (holding that, pursuant to *Heck*, prisoners challenging the execution of their sentences should ordinarily proceed in habeas). Accordingly, Richards's claims that Defendants are not properly executing his sentence necessarily challenges the duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Because success on his claims necessarily implies invalid confinement, under the second portion of the *Heck* analysis, Richards must demonstrate a successful challenge to his current imprisonment. *Heck*, 512 U.S. at 487. Richards does not allege that any court or tribunal invalidated the judgment pursuant to which he is currently confined. *Id.* at 486-87. Thus, *Heck* and its progeny bar Richards's claim. Accordingly, it is RECOMMENDED that Richards's claim and the action be DISMISSED WITHOUT PREJUDICE as legally frivolous.

Richards is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should

be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Richards.

It is so ORDERED.

/s/ MHL
M. Hannah Lauck
United States Magistrate Judge

Date: 5-4-12
Richmond, Virginia

6