IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK E. RICHARDS,

    Plaintiff,

v.                                Civil Action No. 3:11CV426

WENDY K. BROWN, et al.,

    Defendants.

**MEMORANDUM OPINION**

Mark E. Richards, a Virginia state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed this civil rights action under 42 U.S.C. § 1983. The matter is before the court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.   BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

    Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" <u>Clay v. Yates</u>, 809 F. Supp. 417, 427 (E.D. Va. 1992) (<u>quoting</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits

of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151

(4th Cir. 1978), it does not act as the inmate's advocate, <u>sua sponte</u> developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See <u>Brock v. Carroll</u>, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

On October 8, 1998, the Circuit Court for the County of Arlington, Virginia ("Circuit Court") convicted Richards of "one count each of Grand Larceny and Attempted Grand Larceny and two counts of Uttering." (Compl. 2.) Richards served a portion of his sentence before the Virginia Department of Corrections ("VDOC") released him on probation. On March 30, 2009, law enforcement officers arrested Richards for a probation violation. Subsequently, the Circuit Court again remanded Richards to the custody of the VDOC.

Richards now challenges the calculation of his new release date by the VDOC. Richards claims that the VDOC "illegally imprisoned" him "for a period of 457 days beyond the term of confinement of two years and nine months imposed by the Circuit Court for Arlington County, Virginia on December 3, 2010." (Id.) Richards seek credit for 587 days served and "compensatory damages" of $10,500.00 and "punitive damages in a sum to be determined by the jury." (Compl. 15.)

## Analysis

To the extent that Richards seeks "monetary damages stemming from improper incarceration," such an attempt via 42 U.S.C. § 1983 "is legally frivolous under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and related cases." <u>Payne v. Virginia</u>, No. 3:07CV337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In <u>Heck</u>, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." <u>Heck</u>, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

The Supreme Court summarized that Heck and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (second emphasis added).

The first question this Court must ask is whether Plaintiff's claims necessarily imply the invalidity of his current confinement. Heck, 512 U.S. at 487. Here, Richards fails to allege any injury distinct from the injury of the duration of his confinement pursuant to a state court judgment. Id. at 487 n.7. Richards does not articulate, and the Court cannot conceive, how he could prevail on his claim and not simultaneously invalidate the duration of his confinement. See Edwards v. Balisok, 520 U.S. 641,

4

> 648 (1997); Heck, 512 U.S. at 479, 490 (concluding alleged due process violations were barred); Duronio v. Werlinger, 454 F. App'x 71, 72 (3d Cir. 2011) (holding that, pursuant to Heck, prisoners challenging the execution of their sentences should ordinarily proceed in habeas). Accordingly, Richards's claims that Defendants are not properly executing his sentence necessarily challenges the duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").
> Because success on his claims necessarily implies invalid confinement, under the second portion of the Heck analysis, Richards must demonstrate a successful challenge to his current imprisonment. Heck, 512 U.S. at 487. Richards does not allege that any court or tribunal invalidated the judgment pursuant to which he is currently confined. Id. at 486-87. Thus, Heck and its progeny bar Richards's claim. Accordingly, it is RECOMMENDED that Richards's claim and the action be DISMISSED WITHOUT PREJUDICE as legally frivolous.

(May 4, 2012 Report and Recommendation). The Court advised Richards that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. On May 11, 2012, Richards filed objections to the May 4, 2012 Report and Recommendation.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C.

5

1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).

### III. RICHARDS'S OBJECTIONS

Richards, citing Preiser v. Rodriguez, 411 U.S. 475 (1973), argues that 28 U.S.C. § 2254 does not provide the sole federal remedy for his claims. (Objections 2.) Richards claims that this is true because he seeks damages against defendants rather than a speedier or immediate release from confinement. (Id. (citing Preiser, 411 U.S. at 494 ("If a state prisoner is seeking damages . . . he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").) Richards

6

states that "[t]he proper calculation of his parole eligibility date, through the proper calculation of his probation revocation sentence, does not equate to a guarantee that he would have obtained a speedier or immediate release." (Id. (citing cases).) Thus, argues Richards, the Magistrate Judge's determination that his challenge to the duration of his sentence falls within the Heck bar is erroneous. Richards is mistaken.

In Heck v. Humphrey, the Supreme Court, referencing the Preiser dictum quoted by Richards,[1] stated:

> That statement may not be true, however, when establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction. In that situation, the claimant can be said to be "attacking . . . the fact or length of . . . confinement," bringing the suit within the other dictum of Preiser: "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." [Preiser, 411 U.S.] at 490, 93 S. Ct., at 1836. In the last analysis, we think the dicta of Preiser to be an unreliable, if not an unintelligible, guide: that opinion had no cause to address, and did not carefully consider, the damages question before us today.

512 U.S. 477, 481-82 (1994) (omissions in original). As noted by the Magistrate Judge, Richards unequivocally attacks the duration of his confinement, requesting that this Court

---

[1] "'If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release . . . .'" (Objection 2 (quoting Preiser, 411 U.S. at 494).)

7

recalculate his sentence and afford him monetary relief. (Compl. 15.) Thus, Richards's claims are squarely within the class of claims Heck bars. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). Accordingly, Richards's Objections will be overruled.

## IV. CONCLUSION

Richards's Objections will be overruled and the Report and Recommendation will be accepted and adopted. Richards's claims and the action will be dismissed without prejudice as legally frivolous. Because the Court finds that Richards's claims are legally frivolous, the Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g). McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("[N]othing in our analysis . . . suggests that dismissals for frivolousness should be exempted from § 1915(g)'s strike designation, even when the dismissal is rendered without prejudice.").

The Clerk is directed to send a copy of this Memorandum Opinion to Richards.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: September 17, 2012
Richmond, Virginia