IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARK E. RICHARDS,

    Plaintiff,

v.                                  Civil Action No. 3:11CV426

WENDY K. BROWN, et al.,

    Defendants.

**MEMORANDUM OPINION**

By Order entered on September 18, 2012, the Court accepted and adopted the Magistrate Judge's Report and Recommendation and dismissed Mark E. Richards's complaint as frivolous. Richards v. Brown, 3:11CV426, 2012 WL 4321446, at *1 (E.D. Va. Sept. 18, 2012). The matter now comes before the Court on Richards's Motion for Leave to Amend and Amendment to Report and Recommendation. (ECF No. 26.) Because Richards submitted this motion within twenty-eight days of the entry of the September 18, 2012 Order, the Court construes it as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). Fed. R. Civ. P. 59(e); see United States v. Roberts, No. 3:09cr78-HEH, 2012 WL 4801795, at *1 (E.D. Va. Oct. 9, 2012) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)).

The Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). In his Rule 59(e) Motion, Richards claims the Magistrate Judge's Report and Recommendation "is erroneous and, if adopted, would constitute plain error." (Rule 59(e) Mot. 3.)[1]

In his Rule 59(e) Motion, Richards requests that the Court alter or amend its order of dismissal in order to provide him an opportunity to file amended objections to the Magistrate Judge's Report and Recommendation. (Id. at 1.) While Richards's argument lacks clarity, a generous reading of his Rule 59(e) Motion suggests that Richards argues that he raised a claim in his Complaint and Objections alleging that the Virginia Department of Corrections's ("VDOC") miscalculation of his total sentence delayed his parole eligibility date. Richards argues that such a claim is not barred by Heck v. Humphrey, 512 U.S.

---

[1] The Court corrects the capitalization in quotations from Richards's submissions.

477 (1994) and may be brought pursuant to 42 U.S.C. § 1983.[2] See Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Richards argues that he

> alleged in his Complaint that Defendant's [sic] incorrect calculation of his revocation sentence delayed his parole eligibility date. See Complaint ¶ 39. The factual determination in the Report and Recommendation that [Richard's] claim that relief from the incorrect calculation of his probation revocation sentence would result in his immediate release or speedier release is erroneous.

(Rule 59(e) Mot. 3.)

Despite Richards's post-judgment characterization of his claims, Richards failed to bring a claim challenging the calculation of his parole eligibility date in his Complaint. Instead, in his Complaint, Richards challenged the calculation of his total sentence in light of new probation revocation sentences, a clear attack on the execution of his sentence. Richards merely mentioned his parole eligibility date in passing among other factual allegations in his Complaint. (Compl.

---

[2] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

¶ 39.) Richards did not seek any relief upon that factual allegation. (Id. at 14-15.) Rather, Richards's demands for monetary and injunctive relief were predicated upon Defendants' alleged failure "to credit towards Plaintiff's probation revocation sentence 587 days served in a state correctional facility between April 2, 2009 and November 12, 2010." (Id. at 15.)

Richards fails to demonstrate a clear error of law or any other basis for granting relief under Rule 59(e). Accordingly, the Rule 59(e) Motion (ECF No. 26) will be dismissed.

The Clerk is directed to send a copy of this Memorandum Opinion to Richards.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 25, 2017
Richmond, Virginia

4